UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREY M FARAFONOV, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:25-cv-00682-SEB-TAB |
| CITY OF ANDERSON, | ) ) ) |
| Respondent. | ) ) |

**ORDER DISMISSING PETITION**

Petitioner Andrey M. Farafonov filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. On June 20, 2025, this Court issued an order to show cause (OSC) requiring Mr. Farafonov pay the filing fee and show why his petition should not be dismissed as, among other things, barred by the one-year statute of limitation for filing a federal habeas petition. Dkt. 6. Mr. Farafonov did not pay the fee. In response to the OSC, he filed a notice to the court, dkt. [7], a motion for statutory change of venue § 2242, dkt. [8], and a belated notice of appeal, dkt. [9]. For the reasons explained below, the Court **denies** Mr. Farafonov's motion for statutory change of venue § 2242, dkt. [8], and belated notice of appeal, dkt. [9], **dismisses without prejudice** the petition for writ of habeas corpus, dkt. [1], as untimely, and **denies** a certificate of appealability.

**I.    Background**

Mr. Farafonov challenges the constitutionality of his confinement under a 2015 conviction for conversion in Anderson City Court, Indiana, cause no. 48H02-14411-CM-3923, which was entered on the same day as the resolution of two related cases. Dkt. 1 at 1.

The September 15, 2015, abstract of judgment for Anderson City Court cause no. 48H02-14411-CM-3923, states Mr. Farafonov was convicted by admission for felony driving while a

1

habitual traffic violator and sentenced to driver's license suspension for "999" years. Dkt. 1-1 at 3. The judgment references Madison Circuit Court cause no. 48C05-1408-F6-001557. *Id.*

On September 15, 2015, in Madison Circuit Court cause no. 48C05-1408-F6-001557, Mr. Farafonov was convicted by guilty plea of operating a vehicle after being a habitual traffic offender, and sentenced to, among other things, suspension of his driver's license for life, and two years imprisonment consecutive with his sentences in Anderson City Court cause no. 48H02-14411-CM-3923 and Madison Circuit Court cause no. 48C05-1310-FD-2015. Dkt. 1-1 at 10–16. The last substantive docket entry in cause no. 48C05-1408-F6-001557 was on June 21, 2018, when Mr. Farafonov admitted violating probation and the case was closed. *Id.* at 15.

The Court takes judicial notice of the public docket for the related Madison Circuit Court cause no. 48C05-1310-FD-2015 (available at https://public.courts.in.gov/mycase). According to that docket, on September 15, 2015, Mr. Farafonov was convicted of operating a vehicle as a habitual traffic violator and false informing, and sentenced to, among other things, home detention and probation with a three-year prison sentence suspended, to run consecutive with the sentence in Anderson City Court cause no. 48H02-14411-CM-3923. The last substantive docket entry in cause no. 48C05-1310-FD-2015 occurred on January 20, 2016, when the court imposed 36 months for a probation violation with no return to probation.

## II.     Timeliness of Petition

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court, and § 2244(d) imposes a 1-year statute of limitation for filing such petitions:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) ("Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition."). The one-year clock is stopped while a properly filed application for state postconviction relief is pending in state court. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

"Equitable tolling—a court's decision to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period—is an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)). The diligence requirement for equitable tolling "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control."

3

*Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). The extraordinary circumstances test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Id.* at 256–57 (emphasis in original). Equitable tolling is available only if the prisoner satisfies both elements of this two-part test. *See id.*, at 256–57. The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

When evaluating whether a petitioner is entitled to equitable tolling, "[i]t does not matter that one could look at each of the circumstances encountered by [the petitioner] in isolation and decide that none by itself required equitable tolling," rather, a court must evaluate the entire hand that the petitioner was dealt, including all of the circumstances and their cumulative effect. *See Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014) (finding tolling warranted when petitioner was denied access to his legal file until only 40 days remained on the limitations period, and even then, could not bring legal materials from the library to his cell and had only 80 minutes in the library every two weeks, with two computers for 250 inmates).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted). But the movant must show "reasonable effort *throughout* the limitations period." *Mayberry*, 904 F.3d at 531 (emphasis added). A petitioner's burden to establish qualification for equitable tolling cannot be satisfied with "mere conclusory allegations of diligence"; the petitioner must instead offer "specific evidence." *Id.* at 531–32.

As stated above, the judgments at issue in Mr. Farafonov's petition were entered on September 15, 2015. The Court finds no indication Mr. Farafonov sought direct appeal from, or sought post-conviction review of, any of those judgments or from any of the proceedings for

4

probation violation in those cases. Because all three judgments were entered the same day, September 15, 2015, and Mr. Farafanov subjected none of those judgments to direct or postconviction review, the one-year limitation period for filing a federal petition expired in 2016. Although Mr. Farafonov asserts he only received the chronological case summary for the Anderson City Court case on August 24, 2022, he fails to show that it is necessary to support his claims, or that it could not be obtained through the exercise of reasonable diligence during the limitation period in 2015 and 2016. Dkt. 7 at 4.

Mr. Farafonov's federal petition, dkt. [1], is dismissed as time barred.

### III.     Motion for Statutory Change of Venue

Mr. Farafonov filed a "motion for statutory change of venue § 2242 application." Dkt. 8. He states he currently resides in Franklin, Indiana, which is located in Johnson County, Indiana, and is included in the Southern District of Indiana. *See* Dkts. 1 at 17; 9 at 5. As such, venue in the Southern District of Indiana is proper. The motion for statutory change of venue, dkt. [8], is denied.

### IV.     Belated Notice of Appeal

Generally, an appeal may not be taken in a civil case until a final judgment is entered on the district court's civil docket. Because no final judgment has been entered in this action, the belated notice of appeal, dkt. [9], is premature. *See U.S. for & on Behalf of Small Bus. Admin. v. Torres*, 142 F.3d 962, 969 (7th Cir. 1998) ("[I]f there was no final order when [defendants] filed [their] notice of appeal, the notice was premature, and did not confer appellate jurisdiction.").

### V.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and whether the procedural ruling is correct. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Applying these standards, the court finds a certificate of appealability is not warranted.

### VI. Conclusion

Petitioner Andrey M. Farafonov's petition for writ of habeas corpus, dkt. [1], is **DISMISSED without prejudice**.

Petitioner's motion for change of venue § 2242, dkt. [8], is **DENIED**.

Petitioner's belated notice of appeal, dkt. [9], is **DENIED**.

A certificate of appealability is **DENIED**.

Final judgment shall now issue.

**IT IS SO ORDERED.**

Date:   2/3/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDREY M FARAFONOV
675285
Johnson County Sheriff's Office
P.O. Box 609
Franklin, IN 46131